[Civ. No. 1100.   First Appellate District.—October 30. 1912.]

## V. SARTORI, Respondent, v. MARIO POZZI, AUGUST BORLINI and VALERIA BORLINI, etc., Appellants.

ACTION FOR GOODS SOLD AND DELIVERED—FINDINGS OF COPARTNERSHIP UNSUSTAINED.—In an action for goods sold and delivered to the defendants as copartners in the "Borlini Cafe and Grill," where the evidence shows that said business had been owned by a corporation, and was sold to the defendant Mario Pozzi and merely leased by him to the other defendants from month to month, and the goods were sold and delivered to Pozzi, it is held that neither the admitted nor disputed facts are sufficient to sustain the findings of the trial court that a copartnership existed between the defendants in the conduct of the business, and that the merchandise was sold at the request of the other two defendants.

ID.—SUPPORT OF FINDINGS AND JUDGMENT AGAINST ASSIGNEE OF FORMER OWNER.—It is held that the findings and judgment are amply sustained against the individual defendant who was the assignee of the corporation which was the former owner, and that the judgment and order appealed from must be affirmed as to him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. E. Prewett, Judge presiding.

The facts are stated in the opinion of the court.

John C. Scott, for Appellants.

John V. Filippini, for Respondent.

LENNON, P. J.—In this action the defendants Mario Pozzi, August Borlini, and Valeria Borlini were sued as individuals

and as copartners in a restaurant business, which it was alleged they had been conducting under the name of the ''Borlini Cafe and Grill.'' The action was for the reasonable value of merchandise alleged to have been sold and delivered to the defendants, and resulted in a judgment for the plaintiff in the sum of $554.88, from which and from an order denying a new trial the defendants appeal upon the single point that the evidence does not support the finding of the trial court, on the one hand, to the effect that the defendants were copartners, and on the other hand, that the goods sued for were sold and delivered to them at their individual instance and request.

The facts of the case upon which the judgment is based are practically without conflict and are substantially as follows: The Borlini Cafe and Grill was originally conducted by the Borlini Company, a corporation, which was managed by the defendant August Borlini. The other two defendants each held one share of stock in the corporation. The Borlini Company became insolvent, and settled with its creditors, of whom the plaintiff was one, at fifty cents on the dollar. The defendant Mario Pozzi at that time advanced to the Borlini Company the sum of $2,350 for the purpose of enabling it to settle with its creditors, and thereupon and in consideration thereof the corporation executed to him a bill of sale of its entire business. Thereafter the Borlini Cafe and Grill continued in business for the period of about eight months, under the personal management of Mr. August Borlini and his wife, the defendant Valeria Borlini. At the expiration of this time it was sold and transferred by the defendant Mario Pozzi to a Mr. Polli for the sum of four thousand two hundred dollars. The plaintiff had sold and delivered merchandise to the Borlini Company prior to and up to the time of its failure, and continued to deliver merchandise to the Borlini Cafe and Grill until it was sold and disposed of by the defendant Mario Pozzi. The claim here sued on is for merchandise supplied to the grill after its transfer from the corporation to the defendant Mario Pozzi and while it was being personally conducted by the defendants August Borlini and his wife. Out of the sum of four thousand two hundred dollars received from the sale of the grill to Mr. Polli the defendant Mario Pozzi gave to the defendant August Borlini the sum of one thousand dollars.

In addition to the foregoing there is some evidence to the effect that the defendant August Borlini and Valeria Borlini, his wife, and the sister of the defendant Mario Pozzi, were in constant attendance upon the business of the grill. There was also some evidence to the effect that the defendant Mario Pozzi was often present at the grill and at times actually attended to some of its business. The plaintiff testified in part to the effect that the defendant Mario Pozzi had admitted, shortly after the settlement of the Borlini Company with its creditors, that he had purchased the business, and from that time on would run it himself. This testimony was flatly contradicted by Mario Pozzi, who testified that after the business was transferred to him by the Borlini Company he leased it to the defendant August Borlini from month to month at a monthly rental of twenty-five dollars.

It is apparent, it seems to us, that neither the admitted nor the disputed facts of the case are sufficient to support the trial court's finding of fact that a copartnership existed between the several defendants in the conduct of the business after it was transferred by the Borlini Company to the defendant Mario Pozzi. Nothing that was said or done at any time by any one or all of the defendants indicated the existence of a real or ostensible partnership; and therefore the finding of the trial court in this behalf cannot be sustained.

It is equally apparent that the evidence is insufficient to support the trial court's finding that the merchandise delivered to the Borlini Cafe and Grill was sold to the defendants August Borlini and Valeria Borlini at their individual instance and request. While it is true that these last named defendants were in charge of the business at the time the merchandise was ordered and delivered, it is evident from the testimony upon the whole case that they were acting merely as the agents of the defendant Mario Pozzi. This being so, the judgment against them cannot stand.

The evidence, however, was, we think, amply sufficient to support the findings upon which the individual judgment against the defendant Mario Pozzi is based. True, he testified that he had no interest in the business after the time he claimed to have leased it to his codefendants; but the trial court, in the face of facts and circumstances to the contrary, was not compelled to accept his testimony as the truth.

Upon the whole case the trial court was justified, we think, in finding, as it did in effect, that the business of the Borlini Cafe and Grill was in fact owned by the defendant Mario Pozzi, and was being conducted by his codefendants as his agents at the time the merchandise sued for was sold and delivered.

The judgment and order appealed from are reversed as to all of the defendants save and except Mario Pozzi, and as to him the judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 27, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1912.